Núm. 8456.—PUEBLO, apldo. *v.* FIGUEROA, aplte.— Enero 29, 1941.

(Por la Corte, a propuesta del Juez Asociado Sr. Travieso.)

POR CUANTO, el apelante fué acusado y convicto por un delito de infracción de la Ley de Espíritus y Bebidas Alcohólicas (artículo 81, Ley núm. 6 de junio 30, 1936, enmendada por la Ley núm. 149 de mayo 15, 1937) consistente en que "tenía bajo su posesión y custodia, a su disposición, como *dueño,* un alambique de cobre, desmontado, compuesto de tanque, condensador, serpentín y refrigerador, el cual no tiene registrado en la oficina del Tesorero de Puerto Rico." (Subrayado nuestro.)

POR CUANTO, los dos señalamientos de error en que se basa el presente recurso se refieren a la insuficiencia de la evidencia y a la alegada errónea apreciación de la misma por la corte inferior.

POR CUANTO, del examen que hemos hecho de la transcripción de evidencia, resulta:

1. Que la prueba aducida por el fiscal consistió en las declaraciones de dos policías insulares al efecto de que en el día de autos ocuparon en un ranchón situado en el batey de la casa del acusado, un alambique metido dentro de un saco; que el ranchón no forma parte de la casa donde vive el acusado con su mujer y sus hijos; y que el acusado les dijo que ese alambique lo había dejado allí otro individuo.

2. Que en favor del acusado declararon:

Ramón Toro Nazario: Que conocía al difunto Juan Bracero, por ser ambos veteranos de la Guerra Mundial y sabe que Bracero vivía en un ranchón en el barrio "Lavadero," de Hormigueros; que un día encontró a Bracero en la pasada del tren, llevando dos paquetes de yerba y sobre ellos un saco viejo; que no vió lo que llevaba dentro, así exactamente como lo ve ahora, "pero se podía apreciar lo que llevaba porque era un saco roto; que siguió con Bracero hasta la casa del acusado y entonces Bracero tiró la yerba en un cuarto de caballos que tenía alquilado al acusado y puso el saco sobre un tablado, "pero no puedo asegurar lo que tenía."

Esteban Cancel: Que ha visto antes el alambique que se le muestra; que lo vió en un ranchón de la casa del acusado, donde vivía Juan Bracero; que el

ranchón está separado de la casa del acusado; que como al mes de haber Bracero encontrado el alambique, el testigo estuvo en la habitación de Bracero y éste le enseñó el alambique, el que tenía metido en un saco grande y viejo; que el aparato que vió allí es el mismo que está ante la Corte.

Cesáreo Antonio Rodríguez, Juez de Paz de Hormigueros, declaró: Que conoce al acusado; que en mayo de 1939 se le presentó el acusado a pedirle su parecer y le dijo: "Yo tengo una casita y al lado tengo un ranchón con un cuarto que lo tenía alquilado a Juan Bracero. Yo quiero que Ud. me dé una información sobre lo que yo puedo hacer con unos trastos que tiene allí el Sr. Juan Bracero, porque a este señor lo llevaron a una clínica y no tiene familiares, y allí hay unos trastes de él; hay un baúl, una ropa, una hamaca guindada en un clavo, y hay un aparato alambique''; que entonces el testigo le preguntó al acusado: "¿Qué relación tiene él (Bracero) con ese alambique?", y el acusado le contestó: "Él se lo encontró por allá''; y que entonces él le dijo al acusado: "Ud. debe dejar eso allí en un rincón por si se presenta algún familiar a reclamar.''

Manuel Figueroa Ortiz, el acusado, declaró: Que por tres o cuatro años tuvo arrendado el ranchón a Juan Bracero, por una peseta semanal; que Bracero sufría de hidropesía y se fué para la clínica, como veterano; que al irse, Bracero dejó allí un baúl y otras cosas más; que como Bracero tenía una enfermedad mala, él lo trancó todo allí; que consultó con el juez de paz sobre qué debía hacer con las cosas que había dejado Bracero allí y que el juez le aconsejó las dejase allí hasta que las reclamara algún familiar; que el baúl que dejó Bracero está aún en el ranchón.

POR CUANTO, la evidencia examinada en conjunto no lleva a nuestro ánimo el convencimiento, fuera de toda duda razonable, de la culpabilidad del acusado, razón por la cual opinamos que al apreciarla cometió error manifiesto el tribunal sentenciador.

POR LO TANTO, se declara con lugar el recurso, se revoca la sentencia que dictó la Corte de Distrito de Mayagüez el día 2 de mayo de 1940, y se absuelve al acusado.